# Felton *against* The Commonwealth.

Under the 11th section of the Act of 12th April 1838, and the 33d and 36th sections of the Act of 7th March 1840, the remaining school directors have the power and it is their duty to declare the seat of a director vacant whenever the cases contemplated in those sections arise, as well in the county of Philadelphia as in other parts of the State.

But in Penn Township this power and duty are expressly vested by the 33d section of the Act of 7th March 1840, in the remaining directors respectively of each of its election districts of North and South Penn.

ERROR to the Common Pleas of *Philadelphia* county.

This was a writ of *quo warranto* in the name of the Commonwealth, at the suggestion of Jacob Heyberger, John Summers, William Rheiner and Grover Roberts, against Anthony Felton, Nathan Nathans and Edward T. Tyson. The writ and pleadings were as follows:

[Felton v. The Commonwealth.]

Be it remembered, that Jacob Heyberger, John Summers, William Rheiner and Grover Roberts, who sue for the Commonwealth in this behalf, come here into court, and give the court here to understand and be informed, that the said Jacob Heyberger was, on the third Friday in March 1843, that the said John Summers was, on the third Friday of March 1844, and the said William Rheiner on the day last mentioned, respectively, duly elected by the qualified electors of South Penn Township and North Penn Township, in the county of Philadelphia, directors of the public schools in and for said townships: That is to say: the said Jacob Heyberger a director as aforesaid for South Penn Township; the said John Summers a director for the same township; and the said William Rheiner a director for North Penn Township, to hold their said respective offices for the term of three years from and after their election as aforesaid, together with all the rights, powers and privileges to their said respective offices belonging or in any wise appertaining. Copies of the certificates of their due election as aforesaid, signed by the proper officers, being hereunto attached and submitted as part of this suggestion.

And the relators further give the court here to understand and be informed, that the said several offices were respectively accepted by them, and that they severally entered upon and assumed the discharge of the duties appertaining by law to the same, and that they have not, nor has either of them, resigned or in any way vacated said offices or either of them. That notwithstanding the premises, Anthony Felton, Nathan Nathans and Edward T. Tyson have, since the first day of July 1844, hitherto used, and still do use, the franchise, office and privilege of directors of public schools for the said townships of South Penn and North Penn respectively; that is to say: the said Anthony Felton, the office of a director of public schools for South Penn Township; the said Edward T. Tyson, the office of a director for said township, and the said Nathan Nathans, the office of a director for North Penn Township aforesaid; and during the aforesaid time have usurped, and do usurp, each of them, upon the Commonwealth therein, to the great damage and prejudice of the laws thereof.

Whereupon the said relators, for the said Commonwealth, do make suggestion and complaint of the premises, and pray due process of law against the said Anthony, Nathan and Edward, in this behalf to be made, to answer to the said Commonwealth by what warrant they claim and each of them claims to have and enjoy the franchise, office and privilege aforesaid.

And now, to wit, this thirtieth day of August, in the year 1844, comes the said Nathan Nathans, and protesting that the suggestion filed in this case, and the matters therein contained, are insufficient in law, and that he is not bound to answer thereto, yet for a plea in this behalf, he saith, that true it is as in said suggestion set forth, that said William Rheiner was elected a director on the

[Felton v. The Commonwealth.]

third Friday of March 1844; but that it is not true, as therein stated, that he accepted said office, or entered upon or assumed the duties thereof; but on the contrary he, the said William, though duly notified in writing so to do, refused to attend a regular meeting of the Board of Directors of the Eleventh Section of the First School District of Pennsylvania, the said township of Penn being part of said section, and which meeting was held on Monday the third day of June last past. And this respondent further saith, that on said day and year last mentioned, said meeting having been held for the purpose of electing a controller for said section, the said William came to the place of meeting, but refused, though then and there required so to do, to come into the room where said board of directors met, and vote for a controller; by reason of which said several premises, and by force and virtue of the 11th section of an Act of the Legislature of this Commonwealth, passed on the 12th day of April 1838, the seat of said Rheiner then and there became forfeited, and the directors present declared his seat in the said board vacant; and afterwards, to wit, on the 1st day of July 1844, appointed said Nathan Nathans in the place and stead of said William. And he the said Nathan then and there accepted the same, and entered upon the duties thereof; wherefore, and by reason whereof, he the said Nathan, during all the time mentioned in said suggestion, used and exercised said office of director, and all the liberties and franchises thereto belonging and appertaining, as it was lawful for him to do. Without this, that the said Nathan, the office, liberties and franchises aforesaid in said suggestion mentioned, or any of them, did usurp upon said Commonwealth, in manner and form as by said suggestion is supposed. All and singular which said things he the said Nathan is ready to verify, when and as the court shall award; and he prays judgment that the aforesaid office, liberties, privileges and franchises, by him above claimed, may be adjudged and allowed him, and he dismissed and discharged by the court here, of and from all the premises above charged upon him.

And now, to wit, this 30th day of August, in the year 1844, comes the said Anthony, and protesting that the suggestion filed in this case, and the matters therein contained, are insufficient in law, and that he is not bound to answer thereto, yet for plea in this behalf he saith, that true it is, as is in said suggestion set forth, that said Jacob Heyberger was elected a director on the third Friday of March 1843; but that after his said election, to wit, on the third Friday of March 1844, he was elected a commissioner in and for the incorporated district of Penn, under and by virtue of the Act of Assembly incorporating said district, and providing for the election of commissioners thereof, passed on the 26th day of February 1844, and that being so elected such commissioner, he the said Jacob did take upon himself and accept the said office or appointment aforesaid, and entered upon the duties thereof, by

x *

[Felton v. The Commonwealth.]

reason whereof and by force and virtue of the 4th section of an Act passed March 18th 1842, entitled, "An Act to authorize the citizens of Little Beaver township, in the county of Beaver, to elect two additional supervisors of the highways, and for other purposes," the said Jacob vacated his seat and office as director aforesaid; and afterwards, to wit, on the 8th day of April 1844, at a meeting of the Board of Directors of the Eleventh Section of the First School District of the State of Pennsylvania, it having been made to appear to said board that the said Jacob had, subsequently to his said election as director, been elected to and accepted the office of said commissioner, the said board then and there passed a resolution, unanimously declaring the said Jacob to have ceased being such director, and to have vacated his seat at said board. And the said Anthony further saith, that afterwards, to wit, on the 1st day of July last past, the remaining directors of the township of Penn, at a stated meeting duly and legally convened, did elect the said Anthony to be a director, in the place and stead of the said Jacob, and he the said Anthony then and there accepted the same, and entered upon the duties thereof. Wherefore, by reason of the premises, he the said Anthony, during all the time mentioned in the said suggestion, used and exercised said office of director, and all the liberties and franchises thereto belonging and appertaining, as it was lawful for him to do. Without this, that the said Anthony, the office, liberties, privileges and franchises aforesaid, in said suggestion mentioned, or any of them, did usurp upon said Commonwealth, in manner and form as by said suggestion is supposed. All and singular which said things, he the said Anthony is ready to verify, when and as the court shall award; and he prays judgment, that the aforesaid office, liberties, privileges and franchises by him above claimed, may be adjudged and allowed him, and he dismissed and discharged by the court hereof, and from all the premises charged upon him.

To each of these pleas the plaintiff filed a general demurrer, whereupon the court below, on the 30th day of November 1844, ordered judgment of ouster against all the defendants (against E. T. Tyson by default), and further ordered and adjudged that the relators Summers, Heyberger and Rheiner be restored to their respective offices to which they were elected by the people.

Errors assigned:

1. The court below erred in entering judgment of *ouster* against defendant Nathans.

2. In entering judgment of ouster against defendant Felton.

3. In restoring the relator Rheiner.

4. In restoring the relator Heyberger.

The case was argued by

*J. A. Phillips* and *Nathans*, for the plaintiffs in error; and by *G. M. Wharton* and *Miles*, contra.

[Felton v. The Commonwealth.]

The following Acts of Assembly on the subject of schools were cited in the argument:— Act 12th April 1838, sec. 11; Act 13th June 1836; Act 7th March 1840; Act 4th March 1842; Act 18th March 1842, sec. 4; Act 19th April 1843, sec. 6; Act 26th Feb. 1844; Act 9th March 1844; Act 24th April 1844; Act 30th July 1842.

The opinion of the Court was delivered by

SERGEANT, J.—It is unnecessary to repeat the provisions of the different Acts of Assembly relating to the system of public schools which have been cited in the argument. It is sufficient to state the results to which we have come on a consideration of them.

We are of opinion that, under the 11th section of the Act of 12th April 1838, and the 33d and 36th sections of the Act of 7th March 1840, the remaining directors have the power, and it is their duty to declare the seat of a director vacant whenever the cases contemplated in those sections arise, as well in the county of Philadelphia as in other parts of the State; that provision in the Act of 1838 not conflicting at all with the Act of 1840, but being equally proper and necessary, it is, therefore, not repealed by the latter act. The truth is, that to the public the great object is to have these places filled, and the duties of them uninterruptedly attended to; and the board themselves are made competent to effect this without delay, and to their decision it is given.

But we are of opinion that this power and duty of declaring the seats of directors vacant is, in Penn township, expressly vested, by the 33d section of the Act of 1840, in the remaining directors respectively of each of its election districts, North and South Penn. No director of any other township or election district is empowered to participate in declaring or filling a vacancy. It follows that as these acts, in the present cases, were done by the 11th section of school directors, consisting of both North Penn election district and South Penn election district, and the township of Unincorporated Northern Liberties, they were unauthorized.

Whatever, therefore, may have been the acts of Rheiner or the disqualification of Heyberger, their seats in the respective boards have not been legally declared to be vacant, and of course Felton and Nathans were not legally appointed in their stead.

Judgment affirmed.